UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: BRENT WESTMORELAND

No. 7-11-13284JL

Debtor.

ALICE WESTMORELAND,

Plaintiff,

v.  Adversary No. 11-1179J

BRENT WESTMORELAND,

Defendant.

## ORDER DENYING MOTION TO DISMISS

This matter came before the Court on the Defendant's Motion to Dismiss for Failure to State Claim ("Motion to Dismiss"), filed November 30, 2011. *See* Docket No. 3. The Plaintiff filed a response on January 6, 2012. *See* Docket No. 4. Plaintiff's Complaint to Determine Dischargeability of Debt Under 11 U.S.C. § 523(a)(15) ("Complaint") seeks a determination of non-dischargeability for a debt to a former spouse that was incurred by the debtor in the course of a divorce. *See* Complaint ¶ 13 (Docket No. 1). Defendant asserts two grounds in support of his Motion to Dismiss: 1) the Complaint is deficient because it fails to allege that the debt is "not of the kind described in paragraph (5)," which is an essential element of a non-dischargeability claim under 11 U.S.C. § 523(a)(15); and 2) even assuming all facts alleged in the Complaint are true, the alleged marital settlement agreement is invalid under applicable New Mexico law such that no debt exists that may be held non-dischargeable. Having considered the Motion to Dismiss under the applicable standards in light of the allegations contained in the

Complaint, the Court finds that the Complaint states a cause of action sufficient to withstand a motion to dismiss.

## STARDARD FOR CONSIDERING A MOTION TO DISMISS

The purpose of a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P. is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.2d 337, 340 (10th Cir. 1994). In considering a motion to dismiss, the Court must evaluate the facts alleged in the complaint in the light most favorable to the plaintiff. *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., the complaint must contain enough facts to state a cause of action that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In other words, the plaintiff must "nudge [his] claims across the line from conceivable to plausible." *Id.* In applying this standard, the trial court should "'look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.'" *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215,n.2 (10th Cir. 2007)(*quoting Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). A plaintiff must sufficiently allege all facts necessary to support the required elements under the legal theory proposed in order to withstand dismissal. *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## DISCUSSION

The Defendant first contends that the Complaint is deficient because it fails to allege that the debt is "not of the kind described in paragraph (5)," which is an essential element of a non-dischargeability claim under 11 U.S.C. § 523(a)(15).[1] The Court disagrees.

---

[1] Section 523(a)(15) provides, in relevant part:
　　A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –

-2-

In the Complaint, the Plaintiff alleges that Plaintiff and Defendant were divorced on June 10, 2009 in a state court action, that Plaintiff and Defendant executed a marital settlement agreement, that Defendant's counsel of record in the state court action submitted to the state court an order approving the marital settlement agreement, and that the state court entered an order adopting and incorporating by reference the marital settlement agreement. The Plaintiff further alleges that that certain debts owed by the Defendant to the Plaintiff under the marital settlement agreement are non-dischargeable under 11 U.S.C. § 523(a)(15).

Although the Complaint does not specifically allege that the debt in question is "not of the kind described in paragraph (5)," the Complaint does describe with some specificity the obligations that Plaintiff asserts are non-dischargeable under 11 U.S.C. § 523(a)(15). A complaint is sufficiently specific if it gives the defendant fair notice of the claim and the grounds upon which it rests. In *Breaux v. American Family Mut. Ins. Co.*, 554 F.3d 854 (10th Cir. 2009), the Tenth Circuit observed:

> "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed.R.Civ.P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). The degree of specificity needed to establish plausibility and fair notice, and the need for sufficient factual allegations depend upon the context of the case. *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir.2008).
>
> *Breaux v. American Family Mut. Ins. Co.,* 554 F.3d at 862.

The allegations in the Complaint give the Defendant fair notice of Plaintiff's claim under 11 U.S.C. § 523(a)(15) and the grounds upon which the claim rests.

---

(15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record . . .

11 U.S.C. § 523(a)(15).

Additionally, the Defendant alleges that even assuming all facts alleged in the complaint are true, the alleged marital settlement agreement is invalid under applicable New Mexico law; consequently, no debt exists that may be held non-dischargeable. The Defendant urges that the marital settlement agreement is fatally defective under N.M.S.A. 1978 § 40-2-4 (Repl.Pamp 2006)[2] for two reasons: 1) the signatures on the alleged marital settlement agreement are not acknowledged; and 2) the state court order purporting to approve the marital settlement agreement does not include the marital settlement agreement as an attachment to the order.

Plaintiff's Complaint includes allegations that both the Plaintiff and the Defendant executed the marital settlement agreement, that Defendant's counsel of record in the state court action submitted the order approving the marital settlement agreement to the state court for approval, and that the state court entered an order adopting and incorporating by reference the marital settlement agreement. These allegations are sufficient to survive a motion to dismiss regardless of the fact that the order approving the settlement agreement may not have attached a copy of the marital settlement agreement signed by the parties and regardless of the fact that the signatures on the marital settlement agreement may not have been acknowledged. *Cf. Herrera v Herrera,* 126 N.M. 705, 974 P.2d 675, 677-79 (Ct. App. 1999)(holding that a marital settlement agreement was valid, even though not acknowledged, where the parties to the marital settlement agreement testified at a hearing that they understood and had agreed to its terms).

IT IS THEREFORE ORDERED, that the motion to dismiss is DENIED.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

---

[2]That statute provides:
    All contracts for marriage settlements and contracts for separation, must be in wiring, and
    executed and acknowledged or proved in like manner as a grant of land is required to be executed
    and acknowledged or proved.
    N.M.S.A. 1978 § 40-2-4 (Repl. Pamp. 2006).

-4-

Date entered on docket: February 3, 2012

COPY TO:

**Ronald E Holmes**
Attorney for Plaintiff
112 Edith Blvd NE
Albuquerque, NM 87102-3524

**R Trey Arvizu, III**
Attorney for Defendant
PO Box 1479
Las Cruces, NM 88004-1479